Battle, J.
 

 The plaintiff, admitting in his bill that his intestate, when he purchased the land in question, know that the defendant’s intestate had but a life-estate as tenant by the-curtesy in it, puts his claim to relief, in this Court, upon the alleged ground, that the vendor promised to procure from his two children, who were the owners of the remainder in fee in the land, deeds to the vendee for such remainder. This allegation is not admitted by the answers, and there is no proof in support of it, so that the defendant, contends that tha
 
 *177
 
 bill must be dismissed for the defect in the proof of a material allegation.
 

 But the plaintiff insists that, as there was a partial failure of the consideration, lie cannot, in equity and good conscience, be required to pay the full price of the land. Supposing that there was no objection to his recovery, because of the vari» anee between his
 
 allegata et pi'obata,
 
 there is a decisive objection to his claim, it is, that he admits that his intestate, when he purchased the land, relied upon the vendor’s warranty as a security for the amount paid, until the alleged verbal agreement of the vendor, to perfect the title, should be complied with; and there is no pretense that the intestate’s estate is not fully sufficient to answer all the damages, which he can recover in an action on the covenant of warrant}'. He had then a full remedy at law ; and he has it still, unless by his own act of purchasing the outstanding title, lie has deprived himself of it. The cases of
 
 Hauser
 
 v. Mann, 1 Murphy 411, and
 
 Richardson
 
 v. Williams, 3 Jones’Eq. 116, cited and relied'upon by the plaintiff’s counsel, were decided mainly upon the ground, that the defendants, who were non-residents of this State, and had no property here, out of which a recovery, at law, could be made effective, ought to be enjoined, in equity, from the recovery of a debt or damages, which could not be recovered back, at law, except by means of a suit in another State. The principle of such cases is, that our court of equity will give redress where, otherwise, the party seeking it, would-be driven into the courts of another State, for the purpose of obtaining it. The other case, of
 
 Jones
 
 v.
 
 Edwards. 4
 
 Jones’ Eq. 267, was simply an order for continuing an injunction until the hearing, on account of the evasiveness of the defendant’s answer. Neither case affords any support for the argument, that the court of equity ought to interfere in behalf of a person, who has a plain and adequate remedy, at law, in our courts ; particularly, when he had that remedy in contemplation, and relied upon it, when he entered into the engagement, out of which the controversy arises.
 

 Pee Oueiam, Bill dismissed with costs.